840 F.2d 17
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
MIDWEST FIREWORKS MANUFACTURING COMPANY, INC., Petitioner,
v.
U.S. DEPARTMENT OF TREASURY, BUREAU OF ALCOHOL, TOBACCO AND
FIREARMS, CENTRAL REGION, Respondent.
 No. 87-3250.
 United States Court of Appeals, Sixth Circuit.
 Feb. 16, 1988.
 
 Before ENGEL and RYAN, Circuit Judges, and PORTER,* Senior District Judge.
 PER CURIAM.
 
 
 1
 Midwest Fireworks Manufacturing Company, Inc. (Midwest) petitions for review of a decision of the U.S. Department of Treasury, Bureau of Alcohol, Tobacco, and Firearms (BATF) denying its application for renewal of its licenses to import and manufacture Class B explosives.[1] Petitioner's only argument on appeal is that BATF's decision is not supported by substantial evidence viewing the record as a whole.
 
 
 2
 Midwest is a corporation which imports and manufactures explosives. Class B explosives comprise approximately five percent of its business. Midwest was originally owned and managed by Larry Lomaz. In early 1985 Larry Lomaz was convicted, pursuant to a guilty plea, of impersonating an FBI agent, a felony.[2] Shortly before his conviction, Larry Lomaz sold Midwest to his brother Doug Lomaz. The Lomaz brothers also entered into a consulting agreement whereby Larry was obligated to perform certain consulting services.
 
 
 3
 In April of 1985 Doug Lomaz as President of Midwest applied for licenses to import and manufacture Class B explosives from BATF. This application did not list Larry Lomaz as a "responsible person." The inspector who conducted the application investigation recommended that the license be denied, in part because of the extensive role played by Larry Lomaz. The license was later issued after the sales agreement between Larry and Doug Lomaz was modified eliminating Larry's obligation to render consulting services to Midwest.
 
 
 4
 Larry Lomaz continued to take an active role in the operations of Midwest. The record reveals several instances where Larry Lomaz was deeply involved in the planning and use of Class B explosives in fireworks displays in Northern Ohio communities.
 
 
 5
 In April of 1986, Midwest applied to renew its licenses. BATF denied the renewal application on June 8, 1986 stating that Doug Lomaz had, "willfully falsified [his] original application by allowing Larry Lomaz, a convicted felon, to possess, directly or indirectly, the power to direct or cause the direction of management, policies, and buying and selling practices of the corporation, insofar as such management policies and buying and selling practices pertain to explosive materials," in violation of 18 U.S.C. Sec. 842(a)(2).
 
 
 6
 Following the administrative denial of Midwest's application, a de novo hearing was held before the administrative law judge (ALJ). The ALJ took extensive testimony and received documentary evidence from which he concluded in the carefully framed recommended decision, issued December 8, 1986, that the applications for licenses had been properly denied. The Agency on December 23, 1986 issued an order upholding the decision of the ALJ. From that final Agency action, Midwest has petitioned this court for review.
 
 
 7
 We have carefully considered the briefs of the parties, the decision of the ALJ, and the record made before the Agency, from which we conclude that there was substantial evidence supporting the determination by the Bureau that by permitting Larry Lomaz as a convicted felon to occupy a role of a responsible person within the corporation and by knowingly withholding and falsifying information concerning his continuing role as such responsible person, the petitioner forfeited its entitlement to the renewal or issuance of its licenses to import and manufacture Class B explosives. We further find no errors of law in the procedures followed by the Agency leading to final denial of renewal.
 
 
 8
 Accordingly, the decision of the Bureau is upheld and the petition of Midwest Fireworks Manufacturing Company for review is DENIED.
 
 
 
 *
 The Honorable David S. Porter, United States District Court for the Southern District of Ohio, sitting by designation
 
 
 [1]
 See 49 C.F.R. Sec. 173(c) in which the Department of Transportation defines classes of explosives
 
 
 [2]
 See, 18 U.S.C. Sec. 912 (1982)